# Bauer, Admr. *v.* Word.

### *Statutory Claim Suit.*

1. *Trial and its incidents; judgment for costs void·when rendered against deceased party.*—Where in a statutory claim suit, it appears from the record to the cause that the claimant was

dead, a judgment for the costs against such claimant is void.

2. *Same; judgment erroneous when rendered within twelve months after death of party.*—Where pending a suit, the death of one of the parties is suggested on the record, it is error for the court to render judgment dismissing such suit for the want of prosecution before the expiration of twelve months from the date of the suggestion on the record of the death of such party, within which time there could be, under the statute (Code, § 38), a revivor of the suit.

APPEAL from the Circuit Court of Limestone.

Tried before the Hon. A. H. ALSTON.

The appellee, W. B. Word, recovered a judgment before a justice of the peace against James and Susan Binford. Execution was issued upon this judgment and levied upon certain property to which one Douglass Williams interposed a claim as provided by the statute. Upon issue made up as directed by the statute, judgment was rendered by the justice of the peace in favor of the plaintiff, and from this judgment the claimant, Douglass Williams, took an appeal to the circuit court While the appeal was pending in the circuit court and had been regularly continued, Douglass Williams died. At the fall term of the circuit court, on September 30, 1901, the death of the claimant, Douglass Williams, was suggested and leave was given to revive the suit in the name of the personal representative of the claimant when made known. The appellant, Henry Bauer, was appointed administrator of the estate of Douglass Williams, deceased.

At the spring term of the circuit court the plaintiff moved to dismiss the claim suit for want of prosecution by the claimant of the appeal. On January 14, 1902, the court rendered judgment granting this motion and ordering the suit dismissed for want of prosecution by the claimant, and it was "further ordered by the court that the plaintiff have and recover of Douglass Williams," and the sureties on his appeal bond, the costs of suit.

Henry Bauer, as administrator of the estate of Douglass Williams, deceased, moved the court to set aside the judgment dismissing the case, upon the grounds that

the cause was dismissed before twelve months had expired after the death of Douglass Williams, the claimant, had been suggested, and because said cause was dismissed before the expiration of twelve months within which the administrator was allowed to revive said suit after the death of Douglass Williams had been suggested on the record. The court overruled this motion, and to this ruling Henry Bauer, as administrator, duly excepted.

The administrator of the estate of Douglass Williams prosecutes the present appeal, and assigns as error the rendition of the judgment dated January 14, 1892, and the overruling of the motion to set aside said judgment..

J. J. TURRENTINE, for appellant.

No counsel marked as appearing for appellee.

McCLELLAN, C. J.—In so far as the judgment of January 14, 1902, is for costs against the claimant, Douglass Williams, it is void for the reason that said Williams was dead, a fact which appeared on the records of the cause.

In so far as that judgment is one of dismissal of the claim-suit for want of prosecution it is erroneous, for that the twelve months allowed by the Code—§ 38—for revivor of Williams' suit had not elapsed.

Reversed and remanded..